# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1514V
UNPUBLISHED

| | |
|---|---|
| MARGARET COOPER-HENDON, | Chief Special Master Corcoran |
| Petitioner, | Filed: March 25, 2022 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Influenza (Flu); Guillain-Barré syndrome (GBS). |
| Respondent. | |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for Petitioner.

*Katherine Carr Esposito, U.S. Department of Justice, Washington, DC,* for Respondent.

**RULING ON ENTITLEMENT**[1]

On June 25, 2021, Margaret Cooper-Hendon filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that as a result of receiving the influenza ("flu") vaccination on October 29, 2019, she suffered from Guillain-Barré syndrome ("GBS"). Petition at Preamble. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 24, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent concludes that Petitioner has satisfied the criteria set forth in the Vaccine Injury Table (the "Table") and the Qualifications and Aids to Interpretation

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

("QAI"), which afford Petitioner a presumption of causation if the onset of GBS occurs between three and forty-two days after a seasonal flu vaccination and there is no apparent alternative cause. *Id.* at 8 (citing 42 C.F.R. § 100.3(a)(XIV)(D), (c)(15)). Petitioner indeed demonstrated symptoms of the acute inflammatory demyelinating polyneuropathy ("AIDP") variant of GBS: bilateral limb weakness and decreased or absent deep tendon reflexes; a monophasic illness pattern; an interval between onset and nadir of weakness between 12 hours and 28 days; subsequent clinical plateau; and the absence of a more likely alternative diagnosis. *Id.*

Respondent further agrees that the records show that the case was timely filed, that the vaccine was received in the United States, and that Petitioner satisfies the statutory severity requirement by suffering the residual effects or complications of her injury for more than six months after vaccine administration. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

IT IS SO ORDERED.

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master